UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN S. MCGATH, | ) | CASE NO. 4:22-cv-2130 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| STEWARD TRUMBULL MEMORIAL HOSPITAL, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Steward Trumbull Memorial Hospital, Inc. ("Steward") for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Doc. No. 16.) In response, plaintiff Kathryn S. McGath ("McGath" or "plaintiff") filed a motion for leave to file an amended complaint, incorporating a very brief memorandum in opposition to Steward's motion. (Doc. No. 17.) Steward filed a reply in support of its Rule 12(c) motion (Doc. No. 18) and a separate opposition to the motion for leave to amend (Doc. No. 19). No reply has been filed with respect to the motion for leave to amend and the time for doing so has expired. For the reasons set forth herein, Steward's motion is granted and McGath's motion is denied.

I.  **Background Factual Allegations**

McGath is a 67-year old female who began working for Northside Hospital ("Northside") in Youngstown, Ohio in 1986; she became a switchboard operator there a few years later. (Doc. No. 1 (Complaint) ¶¶ 9, 10.) Plaintiff's position was covered by a collective bargaining agreement ("CBA") between Steward and the other defendant in this case, SEIU/District 1199, WV/KY/OH, The Health Care and Social Service Union, CTW, CLC ("SEIU" or "the Union"), of which

McGath was a member. (*Id*. ¶¶ 2, 3.) A copy of the CBA is attached to the complaint. (*Id*. Exs. A and B.)

In 2017, Steward acquired Northside and four other nearby healthcare facilities, including Trumbull Hospital ("Trumbull"). (*Id*. ¶ 13.) On or about July 23, 2019, Steward closed Northside, resulting in the termination of McGath's employment effective that same day. McGath claims she was told she would still be able to work as a switchboard operator at Trumbull, but would start afresh with no seniority—a matter that SEIU allegedly promised to grieve, but apparently failed to do. McGath was not rehired; only one Northside operator was rehired and she was much younger and with less experience than McGath. (*Id*. ¶¶ 13, 15–17, 24; Ex. C.)

Relevant to some of plaintiff's claims herein is the fact that, on February 17, 2019, McGath underwent surgery on her right foot, allegedly stemming from a workplace injury for which she received Workers' Compensation. In June 2019, her doctor released her to return to work with the use of an ankle boot and a walker. McGath alleges that Steward would not allow her to return if she needed these devices. She was thereafter scheduled to return on August 1, 2019 (without the devices), but was terminated on July 23, 2019. (*Id*. ¶¶ 18–20.)

On June 8, 2021, McGath filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") alleging both age and disability discrimination. Right to sue letters ("RTS") were obtained and are attached to the complaint. (*Id*. ¶ 28; Exs. D and E.)

McGath's complaint sets forth six claims: (1) discharge without just cause in breach of the CBA; (2) breach of the duty of fair representation; (3) disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*; (4) disability discrimination under Ohio Revised Code § 4112.01, *et seq.*; (5) age discrimination under the Age Discrimination

in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.*; and (6) age discrimination under Ohio Revised Code § 4112.02 (A) and (N). Counts I, V, and VI are against Steward only, count II is against the Union only; counts III and IV are against both defendants. Steward seeks judgment on the pleadings in its favor for counts I and III through VI.

**II.     Discussion**

Steward argues in its motion for judgment on the pleadings that McGath signed a release under which all of her claims against Steward are now barred. Steward also argues that four of McGath's claims are time-barred.

In opposition, McGath argues only that the release failed to comply with the Older Workers Benefit Protection Act ("OWBPA"), which would apply, in any event, only to the ADEA claim; she makes no response with respect to the merits of any of Steward's arguments. Rather, McGath seeks leave to amend her complaint to add a cause (or causes) of action against the defendants "sounding in contract and promissory estoppel." (Doc. No. 17, at 2.[1]) She does not indicate whether she would voluntarily dismiss (by eliminating them from any amended complaint) any or all of the counts that are the subject of Steward's motion.

The Court will address each of defendant's arguments in turn, followed by a discussion of whether plaintiff should be granted leave to amend.

**A.     Legal Standard**

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

3

state a claim under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

"A complaint need not contain 'detailed factual allegations.' But it must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *LM Ins. Corp. v. Criss for Estate of Szuhay*, 716 F. App'x 530, 533 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Mere labels . . . are not enough[,]" *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017), and the Court also "need not accept legal conclusions in the complaint as being true[,]" *Eye Ctrs. of Am., LLC v. Series Protected Cell 1, a Series of Oxford Ins. Co. TN, LLC*, No. 22-5138, 2022 WL 13983763, at *2 (6th Cir. Oct. 24, 2022) (citing *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020)), unless the complaint has "supported [them] with enough pleaded facts[.]" *Bates*, 958 F.3d at 480. Nor should a court accept as true "'a legal conclusion couched as a factual allegation[.]'" *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(c) motion, the court considers all available pleadings and may also consider: "(1) any documents attached to, incorporated by, or referred to in the pleadings; (2)

4

documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010) (citations omitted).

### B.     Analysis

#### 1.     Plaintiff's claims are barred by an executed release

Steward first argues that, when it closed Northside and terminated McGath's employment, it offered McGath a release, dated July 30, 2019, which she accepted and signed on September 4, 2019. (*See generally* Doc. No. 16, at 6–9 (referencing Doc. No. 15-1 (Ex. A to Answer)).) There is no dispute that, on a motion for judgment on the pleadings, the Court may consider this release, a copy of which is attached to a pleading (the answer) and is integral to plaintiff's claims. "[A] release waiving the right to bring legal claims 'is ordinarily an absolute bar to a later action on any claim encompassed within that release.'" *Hank v. Great Lakes Constr. Co.*, 790 F. App'x 690, 695 (6th Cir. 2019) (quoting *Haller v. Borror Corp.*, 552 N.E.2d 207, 210 (Ohio 1990)).

Paragraph 5 of the release signed by McGath provided, in relevant part:

> [I]n consideration of the payments to be made by [Steward] to you as set forth in Paragraph No. 3 above [*i.e.*, five (5) weeks of pay] and the promises contained in this Agreement, you voluntarily and of your own free will hereby release, forever discharge and hold harmless [Steward], its parent entities, subsidiaries, divisions and affiliates, its present or former officers, directors, trustees, employees, agents, insurers, or successors or assigns (collectively "Releasees") **from any and all claims** […] or **any other causes of action of whatever nature**, whether known or unknown, including, but not limited to, the National Labor Relations Act, as amended; […] the Americans With Disabilities Act of 1990, as amended; […] Ohio Civil Rights Act, Ohio Rev. Code § 4112.01 et seq.; the Ohio Age Discrimination in Employment Act, Ohio Rev. Code § 4112.14; […] **or any other federal or state law**, regulation, or ordinance; any public policy, **contract, tort, or common law**;

>or any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

(Doc. No. 15-1 ¶ 5 (bolding added).) Steward asserts that McGath thus released Steward from liability in exchange for, among other things, five weeks of severance pay at McGath's regular pay rate. (Doc. No. 16, at 3 (citing Doc. No. 15-1 ¶¶ 3, 5).) On the signature page of the release, McGath also acknowledged the following: "I freely and knowingly, and after due consideration, enter into this Agreement intending to waive, settle, and release all claims I have or might have against [Steward]." (Doc. No. 15-1, at 5.)

In *Hank*, *supra*, the Sixth Circuit affirmed the district court's grant of summary judgment to an employer on disability and age discrimination claims, as well as on a breach of CBA claim under the LMRA, concluding that the claims were barred by a release the former employee signed in connection with his termination of employment. *Hank*, 790 F. App'x at 700. The release provided that Hank would not "file any sort of claim against either" his employer or his union. *Id.* at 693; *see also Turner v. Salvagnini Am., Inc.*, No. CA2007-09-233, 2008 WL 2789290, at *5 (Ohio Ct. App. July 21, 2008) (affirming dismissal of employee's sex discrimination and Family and Medical Leave Act retaliation claim based on a release of claims; noting "[i]t is well-established that a party can waive claims of discrimination under [Ohio Rev. Code] § 4112.02 in a release." (citation omitted)).

Notably, as a general rule, one cannot prospectively waive one's rights. *See, e.g.*, *Bryant v. Cent. Cmty. Health Bd.*, No. 1:16-cv-620, 2017 WL 1164345, at *3 (S.D. Ohio Mar. 29, 2017). But here, all of plaintiff's claims against Steward had accrued by the time she executed the release on September 4, 2019—counts III and IV alleging failure to accommodate a disability accrued

6

prior to McGath's layoff and counts I, V, and VI accrued as of the date of her layoff (July 23, 2019).[2]

In her perfunctory brief in opposition, McGath argues that the release she signed failed to satisfy certain requirements of the Older Workers Benefit Protection Act ("OWBPA"). (Doc. No. 17, at 1.) The OWBPA "imposes specific requirements for releases covering ADEA claims." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 424, 118 S. Ct. 838, 139 L. Ed. 2d 849 (1998) (citing 29 U.S.C. § 626(f)(1)(B), (F), (G)). McGath argues that the release she signed provided neither sufficient time for her to consider her options nor seven days after execution to change her mind—both required by the OWBPA. (Doc. No. 17, at 1.) Even accepting this argument as meritorious, it fails to address (or even acknowledge) that the ADEA claim is time-barred. Therefore, even though the ADEA claim might not have been released, it still is unsustainable, as discussed below.

The Court concludes that, based on the release attached to the answer, all of plaintiff's claims against Steward are barred.

### 2. Plaintiff's claims are time-barred

Steward also argues that, even without the bar created by the release signed by McGath, several of her claims against Steward (Counts I, III, V, and VI) are time-barred.

#### a. Count I — Breach of CBA Claim

McGath alleges jurisdiction, in part, "under § 301 of the Labor Management Relations Act ['LMRA'] (29 U.S.C. § 185)[.]" (Doc. No. 1 ¶ 4.) In Count I, McGath alleges that Steward breached the CBA between it and SEIU by terminating her employment "without just cause." (*Id.*

---

[2] Count II is only against the union.

7

¶ 30.) In Count II, McGath alleges SEIU breached its duty of fair representation "by failing to follow the [CBA's] grievance procedure[]" as to her termination. (*Id.* ¶ 35.) This is a classic "hybrid" action under the LMRA. *See Saunders v. Ford Motor Co.*, 879 F.3d 742, 750 (6th Cir. 2018) ("The Supreme Court has characterized employee actions under § 301 as 'hybrid' suits containing 'two causes of action,' one against the employer for breach of the CBA and another against the union for 'breach of the union's duty of fair representation[.]'" (quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983)).

"A six-month statute of limitations applies to hybrid § 301 suits." *Saunders*, 879 F.3d at 751 (citation omitted). The six-month period begins to run "when an employee discovers, or should have discovered with [the] exercise of due diligence, acts giving rise to the cause of action[]" or, in other words, when "the party reasonably should know that the union has abandoned the party's claim." *Id.* (internal quotation marks and citations omitted).

In her complaint, McGath alleges that after Northside closed, when she was told that she could still work for Trumbull but with no preserved seniority, her union "promised to grieve the loss of [her] seniority." (Doc. No. 1 ¶ 16.) Further, she alleges that her "Union Steward, Chrissy Lewis, continued to assure [McGath] that her discharge was a violation of the [CBA] and that her grievance [was] being pursued by the Union." (*Id.* ¶ 23.) However, despite these "promises to [p]laintiff[,] . . . the Union never did so." (*Id.* ¶ 24.) "[I]n August 2020, Chrissy Lewis contacted [McGath] regarding the filing of her grievance, and [p]laintiff became hopeful again that her grievance would finally be filed and grieved." (*Id.* ¶ 25.) Finally, "[o]n January 14, 2021, [McGath] sent a letter to Chrissy Lewis requesting the status of her grievance. . . . Plaintiff received no response to this letter from Chrissy Lewis or the Union." (*Id.* ¶ 26, citing Doc. No. 1-3, Ex. C.)

8

Accepting these facts as true, McGath reasonably should have realized that SEIU had abandoned her claim at the latest on or around January 14, 2021. Therefore, her six-month statute of limitations ran on or about July 14, 2021. She did not file this lawsuit, including her LMRA claim, until November 23, 2022. As a result, her LMRA claim is time-barred. Steward is entitled to dismissal of Count I.

### b. Counts III and V — Federal Disability and Age Discrimination Claims

In Count III, McGath alleges disability discrimination under the ADA. She claims she "was unable to ambulate [while recovering from a workplace injury] without the aid of a cane and/or walker." (Doc. No. 1 ¶ 40; *see also* ¶¶ 18–19.) She further alleges that Steward failed to accommodate her in June 2019 by "allowing her to use her walker to arrive to and leave from her work area." (*Id.* ¶ 42; *see also* ¶ 19.) She was allegedly told she could return to work on August 1, 2019, "without the boot and walker," but on July 23, 2019, Steward discharged her. (*Id.* ¶ 20.) Therefore, taking these facts as true, McGath's disability discrimination claim accrued "[s]ometime in June 2019[.]" (*Id.* ¶ 19.)

In Count V, McGath alleges age discrimination under the ADEA. She claims that "age was a motivating factor in [Steward's] decision to terminate her employment and [to] replace[] her with a less experienced and substantially younger person." (*Id.* ¶ 50.) Taking this as true, any age discrimination claim accrued, at the latest, on July 23, 2019, when McGath's employment was terminated.

For federal discrimination claims (such as disability and age), a plaintiff must file a charge of discrimination with the EEOC "within one hundred and eighty [180] days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State

9

or local agency with authority to grant or seek relief from such practice . . . , such charge shall be filed . . . within three hundred [300] days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1).

As already noted, McGath's disability discrimination claim accrued sometime in June 2019 and her age discrimination claim accrued on July 23, 2019. McGath filed her discrimination charge on June 8, 2021, well outside the 300-day limitations period. Therefore, Counts III and V are time-barred and Steward is entitled to dismissal of these counts.

### c. Count VI — State Age Discrimination Claim

In Count VI, McGath alleges age discrimination under Ohio Rev. Code § 4112.02(A) and (N).[3] (Doc. No. 1 ¶ 56.) Under that statute: "An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age . . . by instituting a civil action, within one hundred eighty [180] days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights." Ohio Rev. Code § 4112.02(L) (2017).[4] *See Bellian v. Bicron Corp.*, 634 N.E.2d 608 (syllabus) (Ohio 1994) ("Any age discrimination claim, premised on a violation described in [Ohio Revised Code] Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former [Ohio Rev. Code] 4112.02(N).").

---

[3] Amendments made by 2016 Ohio H.B. 463, effective April 6, 2017 to April 14, 2021, renumbered section (N) to be subsection (L).

[4] Section 4112.02 was amended by the Employment Law Uniformity Act ("ELUA"), 2020 Ohio H.B. 352, effective April 15, 2021. But because McGath's Ohio age discrimination claim accrued on July 23, 2019, the ELUA does not apply. *See Burch v. Ohio Farmers Ins. Co.*, -- N.E.3d --, 2023 WL 2598655, at *4 (Ohio Ct. App. Mar. 21, 2023) (finding that the ELUA does not apply retroactively; citing *Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923 (N.D. Ohio 2022); *Erwin v. Honda N. Am. Inc.*, No. 2:20-cv-4350, 2022 WL 3716561 (S.D. Ohio Aug. 29, 2022); and *Hensley v. West Chester Twp.*, No. 1:21-cv-373, 2022 WL 4621432 (S.D. Ohio Sept. 30, 2022)).

McGath had until on or about January 20, 2020 to file her Ohio age discrimination claim. She filed this action on November 23, 2022. Therefore, Count VI is time-barred and Steward is entitled to its dismissal.

### 3. Motion for leave to amend complaint

As part of her opposition brief,[5] McGath moves for leave to file an amended complaint to add claims against the defendants "sounding in contract and promissory estoppel." (Doc. No. 17, at 2.)[6]

In general, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "But a court need not grant a motion to amend when the reason for amendment is improper, such as . . . *futility of amendment*[.]" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (emphasis in original) (internal quotation marks and citation omitted). An amendment is futile when, after including the proposed changes, the complaint still "could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of OH*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (further citation omitted)).

McGath claims she signed the release discussed above "in reliance upon the promise that [d]efendant Steward would call her back to work—a promise that [d]efendant Steward breached." (Doc. No. 17, at 2.) McGath additionally claims that she signed the release "in reliance upon the

---

[5] Doc. No. 17 is styled as plaintiff's brief in opposition *and* a motion for leave to amend, but it was docketed only as a motion. This is not a good practice and the Court would be within its discretion to treat this document only as an opposition brief, despite the manner in which plaintiff's counsel docketed it. *See Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("A request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend.") (internal quotation marks, citation, and alteration omitted).

[6] Where, as here, a motion is filed under Fed. R. Civ. P. 12(c), amending as a matter of course is not permitted (as it would be if the motion were under Rule 12(b), (e), or (f)). *See* Fed. R. Civ. P. 15(a)(1).

promise of her Union [SEIU] [that it] would pursue a grievance on [her] behalf for [Steward's] breach of the [CBA]—something that [SEIU] never even attempted to do." (*Id.*) She asserts that these claims would be "well within the applicable statute of limitations and [she] should be allowed to pursue them in the interest of justice." (*Id.*)

Steward opposes any leave to amend, arguing that amendment would be futile.

Steward first reiterates its argument that all of plaintiff's claims against it are time-barred and could not be saved by any amendment. (Doc. No. 19, at 3.) Steward is correct.

Next, Steward argues that any alleged new breach of contract or promissory estoppel claim would be barred by the release McGath signed in exchange for valuable consideration—just as are her current claims. (*Id.* at 4, quoting Doc. No. 15-1 ¶ 5 (releasing all claims "including . . . contract, tort, or common law").) In addition, Steward notes that the signature page of the release clearly states that McGath "freely and knowingly, and after due consideration, enter[ed] into this Agreement intending to waive, settle, and release all claims [she has] or might have against [Steward]." (*Id.*, quoting Doc. No. 15-1, at 5.) Again, Steward is correct.

Finally, Steward points out that nothing in the affidavit that McGath filed with her brief in opposition to the motion for judgment on the pleadings would sustain either a breach of contract claim or a promissory estoppel claim under Ohio law. (Doc. No. 19, at 4–6.)

Notably, McGath has failed to point to a specific provision of the CBA that Steward purportedly breached. *See BCG Masonic Cleveland, LLC v. Live Nation Entm't, Inc.*, 570 F. Supp. 3d 552, 560 (N.D. Ohio 2021) (a plaintiff who "fails to point to a specific contract provision that

12

has been breached falls short of setting forth a breach of contract claim[]"). Nor could the release itself be the contract that was allegedly breached—it was, after all, a severance agreement.[7]

As for promissory estoppel, McGath claims that Steward promised it would call her back to work if she signed the release and she seems to be equating this purported "promise" to an oral contract that can be sued on in some form. (Doc. No. 17, at 2.) But the release itself belies this claim because it provided that, by signing the release, McGath "acknowledge[d] that [she has] not relied on any representations, promises, or agreements of any kind made to [her] in connection with [her] decision to sign this Agreement, except those set forth herein." (Doc. No. 15-1 ¶ 8.)

McGath is not entitled to amend her complaint because amendment would be futile. Her motion to amend is denied.

### III. Conclusion

For the reasons set forth above, Kathryn McGath's motion for leave to amend (Doc. No. 17) is denied. Steward Trumbull Memorial Hospital's motion for judgment on the pleadings (Doc. No. 16) is granted and all claims against it—specifically Counts I and III through VI—are dismissed. The case will proceed solely against defendant SEIU.

**IT IS SO ORDERED**.

Dated: June 20, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[7] Although Steward did not raise the issue of preemption, arguably any new state law breach of contract claim might be preempted under § 301 of the LMRA. *See Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1030 (6th Cir. 2002) (explaining that "[s]ince federal law is the exclusive law used to interpret the duties and obligations contained within collective bargaining agreements, any state law claim that is not independent of rights established by an agreement, and that is 'inextricably intertwined' with a determination of the meaning of the terms of an agreement, is preempted by section 301") (citation omitted).

13