UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN S. McGATH, | ) | CASE NO. 4:22-cv-2130 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| STEWARD TRUMBULL MEMORIAL | ) | |
| HOSPITAL, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the unopposed motion of defendant SEIU/District 1199, VW/KY/OH, The Health Care and Social Service Union, CTW, CLC ("SEIU"), for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Doc. No. 21.) As explained below, the motion is granted and this action is dismissed with prejudice.

**I.  BACKGROUND**

On June 20, 2023, the Court issued a memorandum opinion and order dismissing the lead defendant in this action, Steward Trumbull Memorial Hospital, Inc. ("Steward"). (Doc. No. 20.) While the Court assumes familiarity with that decision, it is necessary to retread some of the ground covered in that prior ruling in order to properly frame the present dispositive motion.

In 2017, Steward purchased several hospitals, including Northside Hospital ("Northside"), located in Youngstown, Ohio. (Doc. No. 1 (Complaint) ¶¶ 10, 13.) Plaintiff Kathryn S. McGath ("McGath" or "plaintiff") had been employed by Northside since 1986, most recently as a switchboard operator. McGath's position was covered by a collective bargaining agreement

("CBA") between Steward and SEIU, and McGath was a member of SEIU. (*Id*. ¶¶ 2–3; *see id.*, Ex. A (CBA).) In July 2019, Steward closed Northside, and, on July 23, 2019, all Northside switchboard operators, including McGath, were terminated. (Doc. No. 1 ¶¶ 15–16.) In connection with her separation from Northside, McGath executed a separation agreement that released Steward from any and all claims associated with her employment with and discharge from Steward. (*See* Doc. No. 15-1 (Ex. A to Steward's Answer).)

On June 8, 2021, McGath filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination. Right to sue letters ("RTS") were issued by the OCRC. (Doc. No. 1 ¶ 28; *see id.*, Exs. D and E.)

On November 23, 2022, McGath filed suit in federal court against Steward and SEIU. Three claims were asserted solely against Steward: discharge without just cause, in violation of the CBA (Count I); age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.* (Count V); and age discrimination under Ohio Rev. Code § 4112.02(A) & (N) (Count VI). A breach of duty of fair representation (Count II) was asserted solely against SEIU. Finally, two disability discriminations claims, one under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.* (Count III), and one under state law (Count IV), were asserted against both defendants. (*See generally* Doc. No. 1.)

Steward moved for judgment on the pleadings as to the claims asserted against it, arguing that all of the claims were barred by the waiver signed by McGath, and that some of the claims were also time-barred. (Doc. No. 16.) As previously noted, the Court granted the motion. (*See* Doc. No. 20.) In addition to finding the claims asserted against Steward barred by the release, the

Court also found that Counts I, III, V, and VI were time-barred. SEIU's motion for judgment on the pleadings followed this ruling.

## II. STANDARD OF REVIEW

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

"A complaint need not contain 'detailed factual allegations.' But it must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *LM Ins. Corp. v. Criss for Estate of Szuhay*, 716 F. App'x 530, 533 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Mere labels . . . are not enough[,]" *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017), and the Court also "need not accept legal conclusions in the complaint as being true[,]" *Eye Ctrs. of Am., LLC v. Series Protected Cell 1, a Series of Oxford Ins. Co. TN, LLC*, No. 22-5138, 2022

WL 13983763, at *2 (6th Cir. Oct. 24, 2022) (citing *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020)), unless the complaint has "supported [them] with enough pleaded facts[.]" *Bates*, 958 F.3d at 480. Nor should a court accept as true "'a legal conclusion couched as a factual allegation[.]'" *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(c) motion, the court considers all available pleadings and may also consider: "(1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010) (citations omitted).

When a motion to dismiss is unopposed, that failure "constitute[s] a waiver of any argument that [a] dismissal [is] improper[.]" *Akaazua v. Walker Novak Legal Grp., LLC*, No. 19-2183, 2021 WL 4097500, at *1 (6th Cir. Jan. 8, 2021) (citation omitted).

### III. ANALYSIS

On June 24, 2023, SEIU filed the present motion for judgment on the pleadings. McGath has not opposed the motion, and the time for filing such an opposition has passed. In its motion, SEIU argues that the counts asserted against it are either untimely and/or insufficiently pled to survive judgment on the pleadings. The Court addresses each remaining claim in turn.

**A. Breach of Duty of Fair Representation (§ 301 Claim) (Count II)**

In Count I, McGath alleges that Steward breached the CBA between it and SEIU by discharging her "without just cause." (Doc. No. 1 ¶ 30.) In Count II, she alleges that SEIU breached its duty of fair representation by failing to grieve her discharge as promised. (*Id*. ¶ 35.) Both claims invoke Section 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185, and represent a classic "hybrid" action under the LMRA. *See Saunders v. Ford Motor Co*., 879 F.3d 742, 750 (6th Cir. 2018) ("The Supreme Court has characterized employee actions under § 301 as hybrid suits containing two causes of action, one against the employer for breach of the CBA and another against the union for breach of the union's duty of fair representation[.]" (quotation marks and citation omitted)). (*See id*. ¶ 4.)

"A six-month statute of limitations applies to hybrid § 301 suits." *Saunders*, 879 F.3d at 751 (citation omitted). The six-month period begins to run "when an employee discovers, or should have discovered with [the] exercise of due diligence, acts giving rise to the cause of action[]", or, in other words, when "the party reasonably should know that the union has abandoned the party's claim." *Id*. (internal quotation marks and citations omitted). In its June 20, 2023 decision, the Court determined that Count I was untimely, as it was not filed within the six-month limitations period. (Doc. No. 20, at 7[1]–9.) Count II is likewise time-barred.

According to the complaint, McGath was terminated on July 23, 2019. (Doc. No. 1 ¶ 20.) The CBA requires any grievance to be filed within 7 days of when the grievant knew or should have known "of the events giving rise to the grievance." (*Id*., Ex. A, Art. 7, § 1, at 29.) Any

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

5

grievance challenging McGath's termination, therefore, had to be filed by July 30, 2019. McGath should have known by July 30, 2019, or shortly thereafter, that no grievance was filed on her behalf, and her claim accrued at that time. Yet, McGath did not file the present action until November 23, 2022, nearly two years after the limitations period expired. Count II is time-barred.[2]

### B. Disability Discrimination under the ADA (Count III) and Ohio Rev. Code § 4112 (Count IV)

In Count III, McGath alleges that "[d]efendants failed to make reasonable accommodation to avoid discrimination on the basis of disability." (Doc. No. 1 ¶ 43.) In Count IV, she alleges that these same acts by "[d]efendants" violated her rights under Ohio Rev. Code § 4112.01, *et seq*. (*Id*. ¶ 47.) Beyond alleging that "defendants" failed to accommodate her disability, she makes no factual allegations against SEIU relating to disability discrimination.

Courts within the Sixth Circuit do not permit "group pleading" outside of certain fraud claims. Rather, a complaint must assert that a defendant was personally involved in the alleged deprivation of a plaintiff's federal rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2022) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)); *see, e.g., Mhoon v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, No. 3:16-cv-1751, 2016 WL 6250379, at *3 (M.D. Tenn. Oct. 26, 2016) (finding the generic use of "defendants," without specifying which defendants were involved in the deprivation of federal rights, failed to state a claim).

The only factual allegations relating to disability accommodation provide that *Steward* refused to permit McGath to return to work in 2019 following foot surgery, so long as she required

---

[2] Even if the Court uses the date of the last complaint allegation leveled against SEIU, the claim is still untimely. McGath alleges that, over a year after her termination—in August 2020—she spoke with a union representative and "became hopeful again that her grievance would finally be filed and grieved." (*Id*. ¶ 25.) She further alleges that, on January 14, 2021, she sent SEIU a follow-up letter but never received a reply. (*Id*. ¶ 26.) The submission of this letter occurred over a year and a half before the complaint was filed—still well beyond the six-month limitations period.

the assistance of a walker or needed to wear a protective boot. (Doc. No. 1 ¶ 19; *see id*. ¶¶ 18, 20.) McGath fails to allege that SEIU played any role in that decision, or otherwise failed to accommodate her disability. For this reason, Counts III and IV fail to state a claim for relief against SEIU and are subject to dismissal.

Additionally, the ADA claim is time-barred. Because Ohio is a "deferral state" that has its own agency that enforces anti-discrimination laws, a charging party must file a charge within 300 days of the alleged unlawful employment practice. (*See* Doc. No. 20, at 9–10 (citing 42 U.S.C. § 2000e-5(e)(1)).) McGath's ADA failure to accommodate claim accrued sometime in 2019, and she filed her discrimination charge on June 8, 2021—well outside the 300-day window. As the Court previously determined with respect to the ADA claim against Steward, any ADA claim asserted against SEIU would also be time-barred.[3] (*See id.* at 10.)

---

[3] The Court does not read Counts V (federal age discrimination) and VI (state age discrimination) as having been brought against SEIU. The allegations in these claims are specifically limited to Steward and its decision to terminate McGath and replace her with a younger employee. (*See* Doc. No. 1 ¶¶ 50–52, 55–57.) Nevertheless, to the extent they are asserted against SEIU, McGath has failed to plead any factual allegations that, if believed, would support a finding that SEIU discriminated against her on the basis of her age. Moreover, these claims are untimely. For the reasons previously mentioned with respect to McGath's ADA claim, McGath's ADEA claim, filed more than 300 days after her charge was filed, is time-barred. (*See also* Doc. No. 20, at 9–10.) And McGath's state law discrimination claim, filed more than 180 days after her discharge, is also time-barred. (*Id*. at 10–11 (citing *Bellian v. Bicron Corp*., 634 N.E.2d 608 (syllabus) (Ohio 1994) ("Any age discrimination claim, premised on a violation described in [Ohio Revised Code] Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former [Ohio Rev. Code] 4112.02(N)").)

## IV. CONCLUSION

For the reasons set forth above, as well as the reasons set forth in the Court's June 20, 2023 memorandum opinion and order, SEIU's motion for judgment on the pleadings (Doc. No. 21) is granted and all claims asserted against it are dismissed. This case is closed.

**IT IS SO ORDERED**.

Dated: August 21, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**